UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
TRUSTEES FOR THE MASON
TENDERS DISTRICT COUNCIL
WELFARE FUND, PENSION FUND,
ANNUITY FUND, AND TRAINING
PROGRAM FUND and ROBERT
BONANZA, *as Business Manager of the
Mason Tenders District Council of Greater
New York*,

       Petitioners,

  -against-

NACIREMA ENVIRONMENTAL
SERVICES COMPANY, INC.,

       Respondent.
------------------------------------------------------- X

MEMORANDUM OPINION
AND ORDER

13-cv-3574 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

  On May 28, 2013, the Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds") and Robert Bonanza, as Business Manager of the Mason Tenders District Council of Greater New York (together, "petitioners"), filed a complaint to confirm an arbitration award against Nacirema Environmental Services Company,

1

Inc. ("Nacirema") pursuant to Section 9 of the Federal Arbitration Act.[1] On June 20, 2013, service of the summons and complaint was made on Nacirema. Nacirema did not answer or otherwise respond. On January 26, 2015, petitioners filed a motion for summary judgment. Nacirema has not responded to petitioners' motion. For the following reasons, petitioners' motion is GRANTED.

## I. BACKGROUND

The arbitration arose out of a 2002-2005 Collective Bargaining Agreement ("CBA") between Nacirema and the Funds.[2] Under the CBA, Nacirema agreed to pay contributions toward employee benefit funds, dues, and

---

[1] 9 U.S.C. § 1 *et seq.* Although the filing of a petition — as opposed to a complaint — is the generally accepted means to obtain confirmation of an arbitration award, I will treat the complaint as a petition because the notice requirements were met and petitioners requested appropriate relief for a petition. *See, e.g., Trustees of New York City Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc.*, No. 12 Civ. 1749, 2012 WL 3578849, at *2 n.2 (S.D.N.Y. Aug. 20, 2012) ("The Funds improperly characterize their pleading as a complaint rather than as a petition. The Court will treat it as a petition to confirm an arbitration award because the Funds met the notice requirements and requested the appropriate relief for a petition."). However, to the extent petitioners seek relief other than confirmation of the arbitration award it is denied. *See, e.g., Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987) (not allowing claim for damages under ERISA and explaining that "[a]ctions to confirm arbitration awards . . . are straightforward proceedings in which no other claims are to be adjudicated").

[2] *See* 5/29/12 Opinion and Default Award (the "Award"), Ex. 6 to 1/26/15 Declaration of Haluk Savci, counsel for petitioners ("Savci Decl."), at 1. The CBA, renewals thereto, and other trust documents are attached as Exhibits 1, 2 and 3 of the Savci Declaration.

other items. The CBA also provides for the arbitration of disputes.[3]

In a March 29, 2012, Notice of Intention to Arbitrate, petitioners alleged that Nacirema failed to make sufficient benefit contributions from June 29, 2009 through December 26, 2010. An arbitration hearing was scheduled for April 30, 2012, by service of an April 5, 2012 Notice of Hearing.[4] Nacirema did not appear on April 30, 2012, and the arbitration proceeded as a Default Hearing.[5]

Based on the evidence presented during the proceeding, the Arbitrator found that Nacirema had failed to make payments of fringe benefit, dues, and other items required under the CBA and renewals thereto.[6] The Arbitrator issued an Award in favor of petitioners and ordered Nacirema to pay $190,646.71.

## II.   DISCUSSION

"Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified, or

---

[3]   *See* Award at 2.

[4]   *See id.* at 2-3.

[5]   *See id.* at 3.

[6]   *See id.* at 5.

corrected."[7] "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'"[8] "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award."[9]

The court must enter judgment for the party seeking to confirm the award unless the opposing party shows that the award was based on a manifest disregard for the law.[10] "[E]ven where a non-moving party fails to respond to a motion for summary judgment, a court 'may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'"[11]

For the following reasons, the petition to confirm the arbitration award is granted. Petitioners have sufficiently shown that there is no question of

---

[7] *D.H. Blair and Co., Inc., v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

[8] *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

[9] *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

[10] *See Wilko v. Swan*, 346 U.S. 427, 436-37 (1953).

[11] *D.H. Blair and Co., Inc.*, 462 F.3d at 110 (quoting *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 375 F.3d 241, 244 (2d Cir. 2004)).

material fact for trial. Not only is petitioners' Local Civil Rule 56.1 Statement uncontested, but the CBA and the supporting documents attached to the Savci Declaration corroborate petitioners' allegations. The arbitrator sufficiently justified his conclusion based on the straightforward and unrefuted evidence. There is thus no question that the ground for the arbitrator's decision can be inferred from the facts of this case. This Court has not found a manifest disregard for the law or any other reason why the motion to confirm should be denied.

For the foregoing reasons, the petition to confirm the arbitration award is hereby GRANTED. The Clerk of the Court is directed to close this motion [Docket No. 3]. The Clerk of Court is further directed to serve a copy of this Memorandum Opinion and Order on Nacirema Environmental Services Company, Inc., noting service on the docket. Petitioners shall submit a proposed Judgment by no later than March 20, 2015.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
March 9, 2015

## - Appearances -

**For Petitioners:**

Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, NY 10006
(212) 452-9407

**Respondent (Pro Se):**

Nacirema Environmental Services Company, Inc.
211-217 West 5th Street
Bayonne, NJ 07002